## FREDA *v.* OLSCHEFSKI.

1. EJECTMENT—BOUNDARIES—SURVEYORS—EVIDENCE.

Where, in ejectment involving a disputed boundary, several surveyors had testified to the lines, the refusal to permit one surveyor to testify as to the effect on old lot lines if the line of a certain other surveyor were accepted was not prejudicial; the same being plainly deducible from the testimony.

2. SAME.

Nor was it prejudicial to refuse to permit a question as to the depth of the lots; the same not being in issue, and the witness having testified that he had made no survey to ascertain the depth of one of them.

Error to Wayne; Frazer, J. Submitted April 22, 1902. (Docket No. 111.) Decided June 24, 1902.

Ejectment by Frank Freda against John and Anna Olschefski. From a judgment for defendants, plaintiff brings error. Affirmed.

*Adolph Sloman*, for appellant.

*James O. Murfin*, for appellees.

MONTGOMERY, J. This is an action of ejectment, involving a piece of land six inches in width, extending from the front to the rear of lot 2 of T. J. Park's subdivi-

sion of certain lots on the Riopelle farm, in the city of Detroit. The plaintiff sold to the defendant lot 1 and the south 7½ feet of lot 2 of this subdivision. It is stated in the brief of plaintiff's counsel that the plaintiff supposed that he had sold 50 feet of ground to the defendant, while the defendant understood that he was getting 50 40-100 feet. According to the plat and conveyances, the defendant's claim that he purchased more than 50 feet is supported. This controversy is not, however, material in the case, except as it may show an occasion for the controversy which has been waged over this small strip of land. On the trial the whole case was made to turn upon the question of where the correct boundary line was. Upon this question there was conflicting testimony, four different surveyors having testified in the case. The case was fairly submitted to the jury in a charge not open to just criticism, and the jury found a verdict for the defendant. The plaintiff brings error.

The first assignment of error discussed in the brief of counsel is upon the refusal of the court to allow the witness King, one of the surveyors, to answer the question: "If Jerome's line were accepted, in what way would it affect the old boundary lines, or the lines north of that?" The court, in excluding this testimony, remarked: "Anybody could tell that, because, if he is right in his statement, it would put them all so much farther north." This statement is absolutely correct, as a matter of fact, as shown by the record. For the witness to have answered this question would have been to again measure his testimony against Jerome's, and it is manifest that the refusal to permit this answer could not have prejudiced the plaintiff. The next question, which was very similar, was open to the same answer.

Error is assigned upon the exclusion of certain questions put to the witness Jerome, one of the surveyors, who had made a survey at the instance of the plaintiff, but who was called by the defendant. These questions, so far as they were not repetitions of what had gone before, related to

the question of the depth of the lots.   It appears by his testimony that he did not survey to ascertain the depth of lot 1, and, as the depth was not in controversy, we cannot see how the plaintiff was prejudiced by the exclusion of this testimony.

Error is also assigned upon certain remarks of counsel in the course of the case.   Without setting out at length the language used, we think no error was committed which calls for a reversal of the case on this ground.

Certain requests were presented, asking to have the survey of Jerome excluded from the consideration of the jury, on the assumption that he had not commenced his survey at the correct starting point.   But we think that his testimony shows that he started from a well-recognized point, and that there was sufficient to authorize the jury to consider his survey.

We discover no error in the record, and the judgment will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.